## AUSTIN v. SHERIFF FITCH, AS GAOLER.

The sheriff in an action of escape may avail himself of the court's not having jurisdiction, which rendered the judgment, by force of which, the prisoner escaping, was imprisoned.

ACTION for the escape of Richard Spelman; declaring, that said Spelman was committed to gaol on two writs of execution in favor of the plaintiff; one for £100, and one for £34 lawful money, both on judgments recovered before the City Court in New Haven; and that the defendant voluntarily permitted him to escape on both in the night of the 26th of January A. D. 1789; demanding £400 damage.

The defendant plead in bar — That as to the execution of £100, said Spelman and one Seth Turner, at Durham, in the county of New Haven, about the 5th of October A. D. 1786, wrote and directed a certain letter of recommendation to the plaintiff, of one Frederick Davis, which letter was delivered to the plaintiff in said city of New Haven; upon which the plaintiff trusted said Davis to that amount; and which said Davis failed to pay; and for that cause and no other, was the judgment and execution, for said £100 obtained against said Spelman; and that after the plaintiff recovered said judgment and execution against said Spelman, viz. in April, A. D. 1791, said judgment and execution being in force, said Seth Turner paid to the plaintiff £24 lawful money, which the plaintiff accepted; and in

consideration thereof, discharged him from all demands, on account of his having wrote said letter of recommendation with said Spelman. And as to any escape of said Spelman upon any other execution he says he is not guilty, and puts himself on the country.

The plaintiff replied — That said Spelman did at Durham, solely write and direct said letter of recommendation, which was delivered to the plaintiff, in said city of New Haven, etc. without that that said Spelman with said Seth Turner, did at said Durham write and direct said letter of recommendation which was delivered to the plaintiff in said city of New Haven. Upon which the parties were at issue to the jury; and also upon the plea of not guilty, as to the other execution.

The jury found the following verdict, viz.— That said letter was not wrote and directed by said Spelman and Turner at said Durham in manner and form as the defendant in his plea had alleged; and for the plaintiff to recover £    damages and cost; and as to the other issue the jury found the defendant not guilty.

Motion in arrest — That the escape of said Spelman upon both of said executions, is alleged by the plaintiff, to have been made, at one and the same time; and the jury finding the defendant not guilty as to one, by necessary consequence, acquits him as to the other. 2d. Said letter is expressly alleged to have been made and directed at Durham by said Spelman and Turner: The plaintiff in his reply, says it was made and directed at Durham, by said Spelman only; and the jury do not find it to have been made and directed within said city of New Haven; but found that it was not wrote and directed at Durham by said Spelman and Turner; so that it appears, that the cause of action in which said execution for £100 was recovered, arose out of said city. 3d. That said declaration is insufficient.

Judgment was arrested upon the second reason in arrest, for it is agreed in the pleadings — That the letter was made and directed at Durham; and the only question between the parties was, whether it was made by Spelman only, or by both Spelman and Turner: It is clear that the City Court had not

jurisdiction of said action; and the judgment was *coram non judice*, of which the gaoler hath right to avail himself. For if Spelman was not legally imprisoned, the gaoler is not liable for his escape. Wooster et al. v. Parsons, Kirby's Rep. 26. See Cornwell v. Hosmer, and Fitch v. Clark, *ante*.